KING, Circuit Judge, concurring in part and dissenting in part:
 

 Although I join my good colleagues in rejecting defendant Thomas Norman's Fourth Amendment contention and affirming the judgment, I do not agree that
 
 United States v. McCollum
 
 ,
 
 885 F.3d 300
 
 (4th Cir. 2018), controls the sentencing issue and that the district court erred under that decision. As I see it, the controlling precedent is actually
 
 United States v. Kennedy
 
 ,
 
 32 F.3d 876
 
 (4th Cir. 1994), which supports the district court's conclusion that the offense of conspiracy to distribute controlled substances, in violation of
 
 21 U.S.C. § 846
 
 , qualifies as a "controlled substance offense" pursuant to section 2K2.1(a)(4)(A) of the Sentencing Guidelines. In the circumstances, I would decide the sentencing issue on the first prong of plain error review and conclude that the district court committed no error. I therefore dissent in part.
 

 The panel majority sidesteps the binding
 
 Kennedy
 
 decision by characterizing
 
 Kennedy
 
 as having "
 
 assumed
 
 " that a § 846 conspiracy is a controlled substance offense.
 
 See
 

 ante
 
 239-40. In
 
 Kennedy
 
 , the government cross-appealed to challenge the district court's failure to categorize as a career offender, under Guidelines section 4B1.1, a defendant convicted of a § 846 conspiracy offense. The
 
 Kennedy
 
 decision recognized that, in order to designate a defendant as a Guidelines career offender, the government must establish, in relevant part, that "the instant offense of conviction is a felony that is ... a controlled substance offense."
 
 See
 

 32 F.3d at 887
 
 (quoting USSG § 4B1.1 ). And the career offender provision in
 
 Kennedy
 
 incorporates the same definition of "controlled substance offense" used in the Guidelines provision at issue here.
 
 See
 
 USSG § 4B1.2(b) (defining "controlled substance offense" for career offender provision);
 
 see also
 

 id.
 

 § 2K2.1 cmt. n.1 (incorporating section 4B1.2 definitions).
 

 Contrary to today's panel majority, the
 
 Kennedy
 
 parties' arguments regarding the career offender designation very much "involved whether a § 846 conspiracy conviction qualifies as a controlled substance offense."
 
 See
 
 ante 239. That is,
 
 Kennedy
 
 addressed and answered three questions relevant to the defendant's career offender status: (1) the question of whether, as argued by the government, the district court had incorrectly concluded that it lacked authority to render a factual finding essential to categorizing the defendant as a career offender; (2) the question of whether, as argued by the defendant, the Sentencing Commission had exceeded its statutory mandate by including conspiracy in the definition of a controlled substance offense; and (3) the threshold question of whether a § 846 conspiracy is even a controlled substance offense at all.
 

 Understandably, the
 
 Kennedy
 
 decision first decided the threshold question, i.e., whether a § 846 conspiracy constitutes a controlled substance offense within the meaning of Guidelines section 4B1.1. In so doing,
 
 Kennedy
 
 reviewed the pertinent section 4B1.2 definition and concluded that the defendant's "instant offense of conviction - conspiracy to distribute cocaine in violation of
 
 21 U.S.C. § 846
 
 - would clearly qualify as a career offender offense under the Guidelines provisions and commentaries."
 
 See
 

 32 F.3d at 888
 
 . Only then did the
 
 Kennedy
 
 panel deem it necessary and appropriate to resolve the additional
 questions raised by the parties.
 
 See
 

 id.
 

 at 888, 890
 
 (proceeding to the defendant's contention that "his conspiracy conviction [nonetheless] cannot qualify as a 'controlled substance offense' " because "the Sentencing Commission exceeded its statutory mandate in including drug conspiracy offenses in the ['controlled substance offense'] definition," and to the government's argument that the district court possessed "the authority to make a factual finding, based on the trial record, as to when the instant drug conspiracy offense actually started").
 

 Having ruled that the Sentencing Commission did not exceed its statutory mandate and that the district court had fact-finding authority, the
 
 Kennedy
 
 decision vacated the defendant's sentence and remanded for further proceedings on the defendant's career offender status. Significantly, we limited the
 
 Kennedy
 
 remand to the factual issue of when the instant § 846 offense began, instructing that "[i]f the court determines that conspiratorial activities began on or before [the critical date], then it
 
 must
 
 find [the defendant] to be a career offender."
 
 See
 

 Kennedy
 
 ,
 
 32 F.3d at 891
 
 (emphasis added). By imposing that limitation, the panel underscored that
 
 Kennedy
 
 had definitively decided that a § 846 conspiracy qualifies as a controlled substance offense, obviating any further debate or consideration of the question.
 

 In these circumstances, it is incorrect for today's panel majority to dismiss as a "passing observation" or mere "dictum"
 
 Kennedy
 
 's conclusion that a § 846 conspiracy is a controlled substance offense.
 
 See
 

 ante
 
 240-41;
 
 see also
 

 Pittston Co. v. United States
 
 ,
 
 199 F.3d 694
 
 , 703 (4th Cir. 1999) (defining dictum as a "statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding"). Rather, our
 
 Kennedy
 
 decision constitutes controlling precedent on the controlled substance offense question.
 
 *
 

 Because my friends have failed to adhere to the
 
 Kennedy
 
 precedent, I respectfully dissent as to that aspect of the majority decision.
 

 To the extent that the 2018
 
 McCollum
 
 decision relied on by the panel majority conflicts with our 1994 decision in
 
 Kennedy
 
 , the earlier of those decisions -
 
 Kennedy
 
 - controls.
 
 See
 

 McMellon v. United States
 
 ,
 
 387 F.3d 329
 
 , 333 (4th Cir. 2004) (en banc) (explaining that "one panel cannot overrule another").